**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM JAMES CLARK,

Defendant - Appellant.

No. 03-7100

Eastern District of Oklahoma

(D.C. No. CR-02-53-P)

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

This case returns to us on remand from the United States Supreme Court. The facts are recounted in our first opinion, *United States v. Clark*, 94 Fed. Appx. 769, 2004 WL 729289 (10th Cir. 2004) *vacated by* 125 S. Ct. 1020 (2005), and are repeated only in relevant part. Defendant William James Clark pleaded guilty to two charges: impersonating a federal officer, *see* 18 U.S.C. § 912, and possessing a firearm after a previous felony conviction, *see* 18 U.S.C. § 922(g)(1). The presentence report (PSR) recommended that the offense level

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for the felon-in-possession charge be adjusted upward four levels because he possessed the weapon in connection with another felony, the interstate transportation of a stolen motor vehicle. *See* United States Sentencing Guidelines (USSG) § 2K2.1(b)(5). The district court found by a "preponderance of the evidence that [Defendant's] possession of the firearm described in count two of the indictment during a criminal act is more than coincidental. The four-level adjustment given in accordance with U.S. Sentencing Guidelines Section 2K2.1(b)(5) is applicable." R. Vol. IV at 47. According to the district court, "it [was] highly probable that the firearm did embolden [Defendant] to maintain possession of the vehicle." *Id.* at 48.

Defendant appealed, arguing that the district court erred in not granting him a three-level reduction for acceptance of responsibility, *see* USSG § 3E1.1, and in imposing the four-level upward adjustment for possessing the firearm in connection with another felony. We affirmed. Defendant's petition for a writ of certiorari was granted by the United States Supreme Court, and it vacated our judgment and remanded for further consideration in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). *Clark v. United States*, 125 S. Ct. 1020 (2005). Defendant's sole argument on remand is that the district court erred when it adjusted his sentence upward based on a judge-found fact—that he possessed the gun in connection with another felony.

Defendant concedes that his *Booker* claim is reviewed for plain error. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (internal quotation marks omitted). Mandatory application of the sentencing guidelines is error that is "clear or obvious at the time of the appeal" and therefore satisfies the first two prongs of the plain-error inquiry. *Id.* The issue is whether Defendant satisfies the third and fourth prongs of the test. It is unnecessary, however, to determine whether the error affects substantial rights if it did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 736. Because Defendant cannot make the requisite showing on the fourth prong, we affirm his sentence without needing to determine whether the error affects his substantial rights.

The district court relied on a judge-found fact to enhance Defendant's sentence under mandatory guidelines, so the error is "constitutional *Booker* error." *Id.* at 731. Plain-error review is conducted "'less rigidly when reviewing a potential constitutional error.'" *United States v. Hauk*, 412 F.3d 1179, 2005 WL 1499676, at *12 (10th Cir. 2005) (quoting *United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005)). We have identified several non-exclusive factors relevant to determining whether it is appropriate to exercise our discretion and reverse

because of a constitutional *Booker* error. They include (1) whether the defendant challenged the factual basis of the judicial finding that increased his sentence, *id.* at *14; (2) the difference between the sentence based on judge-found facts and one based on facts admitted or found by a jury, *id.*; (3) the strength or weakness of the evidence supporting the sentence imposed, *United States v. Lauder*, 409 F.3d 1254, 1269 (10th Cir. 2005); (4) whether "objective consideration" of the sentencing factors in 18 U.S.C. § 3553(a) suggests that a departure from the Guidelines is appropriate, *id.*; and (5) whether other evidence specific to the defendant's case "demonstrates a complete breakdown in the sentencing process," *id.* (internal quotation marks omitted). But the key consideration in many of our cases is "[w]hether the district court would simply reimpose the same sentence on remand, or whether instead the sentence would likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing." *United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) (internal quotation marks omitted).

At least two of the factors cut in Defendant's favor. Defendant challenged the facts underlying the judicial finding that enhanced his sentence. He argued that there was insufficient evidence that he possessed the gun in connection with the felony of interstate transportation of a stolen vehicle. There is also a substantial difference between the sentence based on judge-found facts and one

-4-

that would be imposed absent the judge's findings. Defendant's sentencing range with the four-level enhancement was 63-78 months; without the enhancement, the range would have been 41-51 months. The court sentenced Defendant to 70 months' imprisonment, the middle of the guideline range. Assuming it would impose a sentence in the middle of the lower range as well, Defendant would have been sentenced to 46 months, 24 months less than the sentence he received.

The rest of the factors, however, are not in Defendant's favor. We considered the strength of the evidence underlying the district court's factual finding in the previous appeal. Defendant has offered nothing further on the subject and we see no reason to revisit our conclusion that the district court did not clearly err "in finding by a preponderance of the evidence that the rifle had the potential to facilitate the underlying felony." *Clark*, 2004 WL 729289, at *4. The "factual dispute" relates less to the historical evidence than to the inferences to be drawn from that evidence. Moreover, we have held that post-*Booker* "district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before." *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005) (internal citation omitted). If the record indicates that the district court, exercising discretion, would impose the same sentence that it imposed under the mandatory guidelines, the mandatory application did not seriously affect the

fairness, integrity, or public reputation of the judicial proceeding. *See Lawrence*, 405 F.3d at 907.

Defendant was sentenced to 70 months' imprisonment, the middle of the applicable guidelines range. The district court had discretion to sentence him to 63 months, the bottom of the range, and chose not to. Furthermore, Defendant does not offer, and our independent review of the record did not reveal, any statements by the court indicating that it was inclined to impose a lesser sentence. Indeed, the district court agreed with the government that the one downward departure requested by Defendant was inapplicable. R. Vol. IV at 50 (denying downward departure for acceptance of responsibility; *Clark*, 2004 WL 729289, at *3 (affirming the denial). Finally, Defendant offers no arguments that either objective consideration of § 3553(a)'s sentencing factors or a breakdown of the sentencing process warrants remand.

Thus, Defendant has not met his burden under the fourth prong of plain-error review. Defendant's sentence "is within the national norm and there is no record evidence to support a lower sentence." *Magallanez*, 408 F.3d at 686. *See also Lawrence*, 405 F.3d at 908 (affirming a sentence when the district court denied downward departures and sentenced above the guidelines minimum).

We REINSTATE our previous Order and Judgment in this case and

AFFIRM Defendant's sentence after our reconsideration in light of *Booker*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge